UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.: 1:17-cv-02166-ACA |
| HENRY J. MARTIN and LYDIA A. MARTIN, | |
| Defendants. | |

# MEMORANDUM OPINION

The United States of America filed this action against Defendants Henry J. Martin and Lydia A. Martin pursuant to 26 U.S.C. § 7401 to collect federal income taxes assessed against the couple. Before the court is the United States' motion for summary judgment. (Doc. 22). The court **WILL GRANT** the motion because the United States has established that the tax assessments are valid and enforceable.

## I. BACKGROUND

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

### A. Mr. Martin's Individual Income Tax Liabilities

Mr. Martin failed to file individual federal income tax returns (Forms 1040—United States Income Tax Return for Individuals) for tax years 2000 through 2006. (Doc. 1 at ¶ 5; Doc. 22-1 at ¶ 5; Doc. 22-2; Doc. 22-3; Doc. 22-4; Doc. 22-5; Doc. 22-6; Doc. 22-7; Doc. 22-8). Therefore, the Internal Revenue Service ("IRS") calculated the tax due on the income Mr. Martin earned in those years, proposed an assessment of his tax deficiencies, and issued a notice of deficiency to Mr. Martin's last known address. (Doc. 1 at ¶ 6; Doc. 22-1 at ¶ 5; Doc. 22-2; Doc. 22-3; Doc. 22-4; Doc. 22-5; Doc. 22-6; Doc. 22-7; Doc. 22-8).

A delegate of the Secretary of the Treasury assessed against Mr. Martin income tax, interest, penalties, and statutory additions for tax years 2000 to 2006, on the dates and in the amounts reflected in the table below:

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT |
|---|---|---|---|
| 2000 | October 29, 2007 | Estimated Tax Penalty | $2,096.20 |
| | | Tax Assessed | $38,975.00 |
| | | Late Filing Penalty | $8,769.37 |
| | | Interest Assessed | $23,887.32 |
| | | Failure to Pay Tax Penalty | $9,743.75 |
| | October 12, 2015 | Interest Assessed | $29,659.14 |
| 2001 | October 29, 2007 | Estimated Tax Penalty | $103.29 |
| | | Tax Assessed | $2,611.00 |
| | | Late Filing Penalty | $587.47 |
| | | Interest Assessed | $1,279.41 |

2

| Tax Year | Assessment Date | Type of Assessment | Amount |
|---|---|---|---|
| | | Failure to Pay Tax Penalty | $652.75 |
| | October 12, 2015 | Interest Assessed | $1,864.18 |
| 2002 | December 22, 2008 | Tax Assessed | $1,175.00 |
| | | Late Filing Penalty | $264.37 |
| | | Interest Assessed | $606.58 |
| | | Failure to Pay Tax Penalty | $293.75 |
| | October 12, 2015 | Interest Assessed | $612.03 |
| 2003 | December 22, 2008 | Estimated Tax Penalty | $280.39 |
| | | Tax Assessed | $10,867.00 |
| | | Late Filing Penalty | $2,445.07 |
| | | Interest Assessed | $4,775.80 |
| | | Failure to Pay Tax Penalty | $2,716.75 |
| | October 12, 2015 | Interest Assessed | $5,515.51 |
| 2004 | December 22, 2008 | Estimated Tax Penalty | $178.46 |
| | | Tax Assessed | $6,228.00 |
| | | Late Filing Penalty | $1,401.30 |
| | | Interest Assessed | $2,253.23 |
| | | Failure to Pay Tax Penalty | $1,401.30 |
| | October 12, 2015 | Interest Assessed | $2,998.36 |
| | | Failure to Pay Tax Penalty | $155.70 |
| 2005 | December 22, 2008 | Estimated Tax Penalty | $312.35 |
| | | Tax Assessed | $7,787.00 |
| | | Late Filing Penalty | $1,752.07 |
| | | Interest Assessed | $2,035.12 |
| | | Failure to Pay Tax Penalty | $1,284.85 |
| | October 12, 2015 | Interest Assessed | $3,445.45 |

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT |
|---|---|---|---|
| | | Failure to Pay Tax Penalty | $661.89 |
| 2006 | December 22, 2008 | Estimated Tax Penalty | $1,434.80 |
| | | Tax Assessed | $30,320.00 |
| | | Late Filing Penalty | $6,822.00 |
| | | Interest Assessed | $4,546.32 |
| | | Failure to Pay Tax Penalty | $3,183.60 |
| | October 12, 2015 | Interest Assessed | $12,113.11 |
| | | Failure to Pay Tax Penalty | $4,396.40 |

(Doc. 22-1 at ¶ 5; Doc. 22-2; Doc. 22-3; Doc. 22-4; Doc. 22-5; Doc. 22-6; Doc. 22-7; Doc. 22-8). A delegate of the Secretary of Treasury gave Mr. Martin notice of these liabilities and made demands for payment. (Doc. 22-1 at ¶ 6). Despite notice and demands for payment, Mr. Martin failed to pay the balance due on the taxes, interest, penalties, and other statutory additions assessed against him individually for tax years 2000 through 2006. (Doc. 22-1 at ¶ 7). As of December 13, 2018, Mr. Martin owes the United States $275,965.79 in income taxes, interest, penalties, and other additions for tax years 2000 to 2006, plus statutory additions and interest that accrue until payment in full. (Doc. 22-1 at ¶¶ 9-10; Doc. 22-13).

### B. *The Martins' Joint Income Tax Liabilities*

The Martins jointly filed federal income tax returns (Forms 1040—United States Income Tax Return for Individuals) for tax years 2007, 2008, 2011, and

2012. (Doc. 1 at ¶ 14; Doc. 22-1 at ¶ 12; Doc. 22-9; Doc. 22-10; Doc. 22-11; Doc. 22-12). According to the returns, the Martins owed federal income taxes, but the couple did not remit payment of their taxes with their returns. (Doc. 1 ¶ at 15; Doc. 22-1 at 12; Doc. 22-9; Doc. 22-10; Doc. 22-11; Doc. 22-12).

A delegate of the Secretary of the Treasury assessed against the Martins the joint income tax liabilities that they reported as due on their federal tax returns, plus penalties, interest, and statutory additions for tax years 2007, 2008, 2011, and 2012, on the dates and in the amounts reflected in the chart below:

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT |
|---|---|---|---|
| 2007 | August 24, 2009 | Tax Assessed Per Return | $9,999.00 |
| | | Penalty for Failure to Make Estimated Tax Payments | $455.00 |
| | | Late Filing Penalty | $2,249.77 |
| | | Failure to Pay Tax Penalty | $849.91 |
| | | Interest Assessed | $867.57 |
| | October 12, 2015 | Interest Assessed | $3,249.50 |
| | | Failure to Pay Tax Penalty | $1,649.84 |
| 2008 | August 24, 2009 | Tax Assessed Per Return | $8,254.00 |
| | | Penalty for Failure to Make Estimated Tax Payments | $227.00 |
| | | Late Filing Penalty | $1,269.72 |
| | | Failure to Pay Tax Penalty | $176.35 |
| | | Interest Assessed | $120.35 |
| | October 12, 2015 | Interest Assessed | $1,986.62 |
| | | Failure to Pay Tax Penalty | $1,587.15 |

| TAX YEAR | ASSESSMENT DATE | TYPE OF ASSESSMENT | AMOUNT |
|---|---|---|---|
| 2011 | June 24, 2013 | Tax Assessed Per Return | $10,799.00 |
| | | Penalty for Failure to Make Estimated Tax Payments | $214.00 |
| | | Late Filing Penalty | $2,429.77 |
| | | Failure to Pay Tax Penalty | $809.92 |
| | | Interest Assessed | $443.23 |
| | October 12, 2015 | Interest Assessed | $1,056.79 |
| | | Failure to Pay Tax Penalty | $1,889.82 |
| 2012 | May 13, 2013 | Tax Assessed Per Return | $9,039.00 |
| | | Failure to Pay Tax Penalty | $45.19 |
| | | Interest Assessed | $20.83 |
| | October 12, 2015 | Interest Assessed | $691.13 |
| | | Failure to Pay Tax Penalty | $2,214.56 |

(Doc. 1 at ¶ 16; Doc. 22-1 at ¶ 12; Doc. 22-9; Doc. 22-10; Doc. 22-11; Doc. 22-12). A delegate of the Secretary of Treasury gave the Martins notice of these liabilities and made demands for payment. (Doc. 22-1 at ¶ 13). Despite notice and demands for payment, the Martins have failed to pay the balance due on the income taxes, interest, penalties, and other additions assessed against them. (Doc. 22-1 at ¶ 14). As of December 13, 2018, the Martins, jointly, owe the United States $70,256.25 in income taxes, interest, penalties, and other additions for tax years 2007, 2008, 2011, and 2012, plus statutory additions and interest that continue to accrue until payment in full. (Doc. 22-1 at ¶¶ 16-17; Doc. 22-14).

### C. This Lawsuit

The United States filed this lawsuit on December 22, 2017. (Doc. 1) The complaint asserts two counts. In Count One, the United States asks the court to reduce to judgment Mr. Martin's individual income tax liabilities. (Doc. 1 at 2-5). In Count Two, the United States asks the court to reduce to judgment the Martins' joint income tax liabilities. (Doc. 1 at 5-7).

On March 15, 2018, the Martins were personally served with their respective summonses and copies of the complaint. (Doc. 5; Doc. 6). The Martins failed to timely answer or otherwise respond to the complaint, and on April 9, 2018, the Clerk granted the United States' motion for entry of default. (Doc. 7; Doc. 8). On June 28, 2018, the Clerk docketed an answer and objections to the complaint from Mr. Martin, and the United States moved for default judgment against the Martins. (Doc. 12; Doc. 13)

The court conducted a status conference with the parties on August 7, 2018. (Doc. 15). The court denied without prejudice the United States' motion for default judgment. (Doc. 17 at 1). The Court gave Mrs. Martin until August 21, 2018 to answer Count Two of the complaint and gave the Martins until October 9, 2018 to file a notice stating whether they contested liability for the taxes at issue. (Doc. 17 at 1). The court also appointed pro bono counsel for the Martins. (Doc. 17 at 2). Pro bono counsel appeared on September 7, 2018. (Doc. 19).

When the Martins did not file a notice regarding liability on or before October 9, 2018, the United States requested a status conference to discuss how the parties should proceed. (Doc. 20). On October 18, 2018, the court conducted a telephone conference with counsel. (See October 18, 2018 minute entry). The Martins' pro bono counsel indicated that he would file an amended answer on behalf of the Martins in three weeks.

The Martins' pro bono counsel did not file an answer on their behalf until several hours after the United States filed its motion for summary judgment on December 14, 2018. (Doc. 22; Doc. 23). On December 21, 2018, the court set aside the Clerk's entry of default against the Martins and set a briefing schedule on the motion for summary judgment. (Doc. 24).

On January 12, 2019, the Martins filed a response in opposition to the motion for summary judgment. (Doc. 25). In the response, the Martins cited Federal Rule of Civil Procedure 56(d), but the response was not accompanied by an affidavit. Thus, the court construed the response as a deficient Rule 56(d) motion and denied the motion without prejudice. (Doc. 27). On January 22, 2019, the Martins filed an amended response in opposition to the motion for summary judgment and attached an affidavit. (Doc. 28; Doc. 28-1). On February 14, 2019, the court denied the Martins' Rule 56(d) motion. (Doc. 32). On February 28,

2019, the United States filed a reply in support of its motion for summary judgment. (Doc. 33).

### III. ANALYSIS

The United States moves for summary judgment on both counts in the complaint. In deciding a motion for summary judgment, the court must first determine if the parties genuinely dispute any material facts, and if they do not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed fact is material if the fact "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Relying on their answers to the complaint, the Martins' renewed response in opposition to summary judgment generally denies liability and asserts various defenses. (Doc. 28 at 1-2) (citing Doc. 12; Doc. 18; Doc. 23). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 252. In addition, because the court cannot consider unverified statements at the summary judgment stage, the unsworn statements contained in the Martins' amended response cannot create a genuine dispute of fact. *See Dudley v. City of Monroeville,* 446 F. App'x
9

2014, 2017 (11th Cir. 2011) ("Unsworn statements do not meet the requirements of Rule 56, so the district court could not—and properly did not—rely on the contents of the citizen's [unsworn] statement.") (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.27 (11th Cir. 2003)).

Turning then to the merits of the United States' claims, section 7402(a) of the Internal Revenue Code grants to a district court jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The Eleventh Circuit has noted that "[t]he language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984). In addition, because the "Tax Court possesses no statutory authority to issue orders in aid of IRS collection activities[,] . . . . the Government must bring a suit for collection of tax in federal district court . . . if it wants judicial assistance in recovering a tax deficiency." *Roberts v. Comm'r*, 175 F.3d 889, 896 (11th Cir. 1999). As explained below, the undisputed evidence establishes that the tax assessments against the Martins are valid and enforceable and that the United States is entitled to recover the identified deficiencies.

"In reducing [a tax] assessment to judgment, the Government must first prove that the assessment was properly made." *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). To establish a prima facie case of taxpayer liability,

the United States may submit a certified record of the underlying tax assessments and payments. *United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989); *United States v. Dixon*, 672 F. Supp. 503, 506-07 (M.D. Ala. 1987), *aff'd*, 849 F.2d 1478 (11th Cir. 1988). If the United States does so, "the taxpayer must then prove that the assessment is erroneous in order to prevail." *White*, 466 F.3d at 1248.

In support of its motion for summary judgment, the United States submitted certified copies of the Certificates of Payments, Assessments and Other Matters (Forms 4340) for Mr. Martin's individual income tax accounts for tax years 2000 through 2006 and the joint income tax accounts of Mr. and Mrs. Martin for tax years 2007, 2008, 2011, and 2012. (Doc. 22-1 at ¶ 4; Doc. 22-2; Doc. 22-3; Doc. 22-4; Doc. 22-5; Doc. 22-6; Doc. 22-7; Doc. 22-8 Doc. 22-9; Doc. 22-10; Doc. 22-11; Doc. 22-12). These certificates "establish[] the presumptive correctness of the tax assessments and a prima facie case of liability." *Smelley v. United States*, 806 F. Supp. 932, 934 (N.D. Ala. 1992) (citing *Chila*, 871 F.2d at 1017-18). The Martins have offered no evidence to show that the tax assessments are incorrect in the amount shown due. Therefore, the United States has established that the claimed tax liability was properly assessed. *See Chila*, 871 F.2d at 1018.

The United States also has established that the claimed tax liability is enforceable. Generally, the United States must file suit to collect unpaid taxes within 10 years from the date of an assessment. 26 U.S.C. § 6502(a)(1). This 10-

year statute of limitations is tolled if a taxpayer requests an installment payment agreement. 26 U.S.C. §§ 6503 (a)(1), 6331 (a), (k)(2).

The United States assessed tax liabilities against Mr. Martin for tax years 2002 to 2006 on December 22, 2008. (Doc. 22-1 at ¶ 5). The United States assessed tax liabilities against the Martins jointly for tax years 2007 and 2008 on August 24; for tax year 2011 on June 24, 2013; and for tax year 2012 on May 13, 2013. (Doc. 22-1 at ¶ 12). These assessments were made within 10 years of December 22, 2017, the date the United States filed suit. Thus, the United States timely filed suit as to these assessments, and they are enforceable.

The two remaining assessments—those against Mr. Martin for tax years 2000 and 2001—were made on October 29, 2007, which is more than 10 years before the United States filed suit on December 22, 2017. (Doc. 1; Doc. 22-1 at ¶ 5; Doc. 22-2; Doc. 22-3). The certified copies of Mr. Martin's tax assessments for tax years 2000 and 2001 show that an installment agreement became pending on August 16, 2013. (Doc. 22-2 at 5; Doc. 22-3 at 4). The certified copies of Mr. Martin's tax assessments for tax years 2000 and 2001 also show that the pending installment agreements were reversed on November 25, 2013, which is 101 days after August 16, 2013. (Doc. 22-2 at 5; Doc. 22-3 at 5). The request for an installment agreement suspends the running of the collection statute while the request remains pending, plus an additional 30 days. 26 U.S.C. §§ 6503(a)(1),

6331(k)(2)(A)-(B). Thus, the United States was required to file suit to collect these taxes on or before March 10, 2018 (131 days after October 29, 2017). Because the United States filed suit before March 10, 2018, the United States timely filed suit as to Mr. Martin's 2000 and 2001 assessments, and they are enforceable.

### III. CONCLUSION

For the reasons stated above, the United States has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Therefore, the court **WILL GRANT** the United States' motion for summary judgment. The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 13, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE